IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RICHARD GRAY, #L1197                                                               PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 5:06cv018DCB-JCS

M. LEE, DOLAN WALLER, AND CHRISTOPHER B. EPPS                   DEFENDANTS

OPINION AND ORDER

On February 10, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. An order was entered on February 13, 2006, directing the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within 30 days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order of February 13, 2006 [ 3-1], page 5. The plaintiff was warned in the notice of assignment and the court order of February 13, 2006, that his failure to timely comply with the requirements of the order would be deemed a purposeful delay and contumacious act by the plaintiff and might result in this case being dismissed sua sponte, without prejudice, and without further written notice to the plaintiff. The plaintiff failed to comply with the court's order of February 13, 2006.

An order to show cause was entered on April 24, 2006, directing the plaintiff to show cause in writing, within 15 days, why this case should not be dismissed for his failure to comply with this court's order of February 13, 2006.  The plaintiff was once again warned in that order that if he did not comply with the court orders his case would be dismissed without prejudice and without further notice to him.

The envelope containing the order of April 24, 2006, was returned by the postal service with a notation "undeliverable."  According to the docket entries, the plaintiff has failed to provide this court with a new address or to otherwise communicate with this court concerning the instant civil action since March 10, 2006.  Therefore, it is apparent from the plaintiff's failure to communicate with this court that he  lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of

plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this opinion and order will be entered.

    This the 12th day of July, 2006.

                                              S/DAVID BRAMLETTE
                                              UNITED STATES DISTRICT JUDGE